# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKA GILBERT,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ON HABEAS CORPUS,<br><br>　　　　Respondent. | Case No. 1:19-cv-00734-EPG-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

Petitioner Chaka Gilbert is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; see also McFarland v. Scott, 512 U.S. 849, 856 (1994).

**A. Failure to Specify Grounds for Relief**

The basic scope of habeas corpus is prescribed by statute:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State

1

> court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); see also Rule 1 of the Rules Governing Section 2254 Cases. Further, Petitioner must state his claim with sufficient specificity. See McFarland, 512 U.S. at 856; Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990). Rule 2(c) of the Rules Governing Section 2254 Cases states that a petition must "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Rule 2(c) of the Rules Governing Section 2254 Cases.

The instant petition does not set forth any information regarding Petitioner's grounds for habeas relief. Indeed, it is unclear whether Petitioner is challenging a criminal conviction or a civil commitment. As the petition fails to state a claim for relief, it should be dismissed. However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Accordingly, if Petitioner can demonstrate that he has fully exhausted the claims he wishes to raise in this habeas proceeding, the Court will grant Petitioner an opportunity to file an amended petition to specify his grounds for relief and state the facts supporting each ground.

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claims that he wishes to raise, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It

appears that Petitioner has not presented any claims to the California Supreme Court. (ECF No. 1 at 3).[1] It is possible, however, that Petitioner has presented claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims Petitioner wishes to present here and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner shall show cause why the petition should not be dismissed for failure to state a claim and failure to exhaust state court remedies within **THIRTY (30) days** from the date of service of this order.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **June 3, 2019**　　　　　　　　/s/ _Erica P. Grosjean_
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.