# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKA GILBERT,<br><br>        Petitioner,<br><br>    v.<br><br>ON HABEAS CORPUS,<br><br>        Respondent. | Case No. 1:19-cv-00734-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

Petitioner Chaka Gilbert is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the petition fails to specify any grounds for relief and appears to be unexhausted, the undersigned recommends the petition be dismissed without prejudice.

**I.**

**BACKGROUND**

On May 28, 2019, Petitioner filed the instant federal habeas petition. (ECF No. 1). On June 3, 2019, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to specify grounds for relief and failure to exhaust state judicial remedies. (ECF No. 4). To date, Petitioner has failed to file a response, and the time for doing so has passed.

///

///

1

# II.

# DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; see also McFarland v. Scott, 512 U.S. 849, 856 (1994).

### A. Failure to Specify Grounds for Relief

The basic scope of habeas corpus is prescribed by statute:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); see also Rule 1 of the Rules Governing Section 2254 Cases. Further, Petitioner must state his claim with sufficient specificity. See McFarland, 512 U.S. at 856; Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990). Rule 2(c) of the Rules Governing Section 2254 Cases states that a petition must "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Rule 2(c) of the Rules Governing Section 2254 Cases.

Although it appears that Petitioner generally challenges his commitment to Coalinga State Hospital, the instant petition does not set forth any information or allegations regarding Petitioner's grounds for habeas relief. As the petition fails to state a claim for relief, it should be dismissed. Although a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted, Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971), Petitioner failed to respond to the Court's order to show cause that indicated Petitioner would be granted an opportunity to file an amended petition to specify his grounds for relief and state the facts supporting each ground. Accordingly, dismissal without prejudice is warranted.

///

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

It appears that Petitioner has not presented any claims to the California Supreme Court. (ECF No. 1 at 3).[1] It is possible that Petitioner has presented claims to the California Supreme Court and failed to indicate this to the Court, but as Petitioner has not responded to the order to show cause, it appears that Petitioner failed to exhaust any claims. If Petitioner has not sought relief in the California Supreme Court for the claims that he wishes to raise, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

**III.**

**RECOMMENDATION**

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to specify grounds for relief and failure to exhaust state judicial remedies.

This findings and recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the findings and recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's findings and recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

§ 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 24, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

4